# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JOHN PELLETIER, | ) |
| | ) |
| Plaintiff, | )   CASE NO. |
| | ) |
| vs. | ) |
| | ) |
| LOCKHART MORRIS | ) |
| MONTGOMERY, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, John Pelletier, by and through his attorneys, and for Plaintiff's Complaint against Defendant, Lockhart Morris Montgomery, Inc., alleges and affirmatively states as follows:

### I. INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Maine, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### III. PARTIES

5. Plaintiff is a natural person who resides in Corinth, Penobscot County, Maine and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3)

6. Defendant is a company engaged in the business of collecting debts with its offices in Richardson, Texas.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

### IV. FACTUAL ALLEGATIONS

10. Defendant places collection calls to Plaintiff seeking and demanding payment of an alleged debt originally owed to a truck driving school.

11. On or about April 30, 2011, Defendant's employee named "Mike" at 1-877-214-3355 x112 threatened to garnish Plaintiff's wages on May 3, 2011 if he did not pay.

12. Plaintiff offered to make a payment plan with Defendant but Defendant refused.

13. Defendant also told Plaintiff, "You're a loser" and hung up on him.

## V. CLAIM FOR RELIEF

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

b) Defendant violated §1692e(4) of the FDCPA by threatening Plaintiff that non-payment of the debt would result in wage garnishment.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Any other relief that this court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, John Pelletier hereby demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

LAW OFFICE OF DOUGLAS J. JENNINGS *in assoc. with* KROHN & MOSS, LTD.

DATED: August 30, 2011

By: /s/Douglas F. Jennings.
   Douglas F. Jennings, Esq.
   Bar # 3544
   One Weston Court, Suite 103B
   Augusta, ME 04330
   dfjlaw@live.com
   Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MAINE)

Plaintiff, JOHN PELLETIER, says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOHN PELLETIER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8/19/11

JOHN PELLETIER,
Plaintiff